787 F.2d 109
 57 A.F.T.R.2d 86-1048, 86-1 USTC P 9312
 Frank CAPRIO and Catherine Caprio, Industrial Services and
Supply Company, Appellant in 85-5050,
Industrial Sand and Supply Co., Appellant in 85-5051,
v.
COMMISSIONER OF INTERNAL REVENUE.
Appeal of Frank CAPRIO in 85-5049.
 Nos. 85-5049 to 85-5051.
 United States Court of Appeals,
Third Circuit.
 Argued March 6, 1986.
Decided March 27, 1986.
 
 Harvey R. Poe (argued), Harvey R. Poe, P.A., Livingston, N.J., and Frederick C. Biehl, III, Soriano, Henkel, Gaydos, Marinello, Matthews & Biehl, Bloomfield, N.J., on the brief, for appellants.
 Glenn L. Archer, Jr., Michael L. Paup, Charles E. Brookhart, William A. Whitledge (argued), Tax Div., Dept. of Justice, Washington, D.C., for appellee.
 Before ALDISERT, Chief Judge, SEITZ and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 ADAMS, Circuit Judge.
 
 
 1
 This appeal challenges a judgment of the United States Tax Court determining deficiencies in the taxpayers' income tax liabilities for 1968 and 1969. The taxpayers object to the use of grand jury materials, obtained by the Internal Revenue Service (IRS) through a 1977 order pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure that would now be invalid under United States v. Baggot, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). The Tax Court declined to suppress the materials. Because the IRS agents acted in good faith reliance on a court order, we will affirm.
 
 I.
 
 2
 Frank Caprio was sole shareholder and an officer of two companies that became the subject of a New Jersey federal grand jury investigation. The companies allegedly were involved in a scheme to defraud the City of Newark. During the investigation, Caprio testified before the grand jury, and later pleaded guilty to one count of filing a false 1969 federal income tax return for one of the companies.
 
 
 3
 At the close of the grand jury investigation, the U.S. Attorney moved for an order authorizing the disclosure of matters occurring before the grand jury to the IRS for use in determining the civil tax liabilities of Caprio and his wife, Catherine. On July 28, 1977, the district court granted the motion pursuant to Rule 6(e), which allows disclosure of otherwise confidential grand jury material "when so directed by a court preliminarily or in connection with a judicial proceeding."[1]
 
 
 4
 Upon receiving the grand jury materials, the IRS used them to compute statutory notices of deficiency which it sent to the Caprios on July 29, 1977. The taxpayers challenged the notices in the Tax Court.
 
 
 5
 On June 30, 1983, with the taxpayers' challenge still pending, the Supreme Court decided United States v. Baggot, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). Baggot held that Rule 6(e) does not permit disclosure of grand jury matters to the IRS for use in determining civil tax liabilities because such use is not "preliminar[y] to ... a judicial proceeding." On August 10, 1984, the Caprios moved in the Tax Court to suppress the grand jury materials and all evidence derived from them, on the ground that Baggot should be applied retroactively. The Tax Court denied the motion without opinion. Subsequently, the Caprios and the IRS reached agreement on the correct amount of back taxes and penalties, and stipulated to the true amount owed. The taxpayers, however, reserved the right to appeal the Tax Court's denial of their motion to suppress. Thereafter, the present appeal was timely filed.
 
 II.
 
 6
 The Caprios urge us to apply Baggot retroactively and suppress the evidence obtained from the grand jury materials. We need not reach the retroactivity question, however. Even assuming that Baggot applies retroactively, and therefore that the 1977 disclosure was illegal, suppression of the evidence would not be warranted.
 
 
 7
 In determining whether evidence obtained in violation of a defendant's Fourth Amendment rights should subsequently be suppressed at a criminal trial, the Supreme Court has held that exclusion of evidence is not warranted where it was gathered by law enforcement officers acting in good-faith reliance on a facially valid court order. In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), police officers obtained a facially valid warrant from a state judge and used it to execute a search, leading to an arrest. Subsequently, however, it was determined in U.S. district court that the search warrant was invalid, because it was not adequately supported by probable cause and thus did not comply with the Fourth Amendment. Despite that, the Supreme Court held that the evidence, although obtained illegally, should not be suppressed. Where a law enforcement officer "acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope," suppression of the evidence "cannot logically contribute to the deterrence of Fourth Amendment violations." Id., 104 S.Ct. at 3420.
 
 
 8
 Similarly, in United States v. Peltier, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), the Supreme Court considered the appropriateness of suppressing evidence from a warrantless border patrol search that would have been invalid under a subsequent Supreme Court decision, Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). The Court held that the evidence should not be suppressed, because the officers reasonably believed in good faith that their search was legal under the state of the law as they found it. Suppression, therefore, would neither deter future misconduct nor promote judicial integrity. Peltier, 422 U.S. at 537-39, 95 S.Ct. at 2317-18.
 
 
 9
 Drawing on these decisions, this Court has held that suppression is unwarranted in a tax deficiency case similar to the one at hand, where the IRS had obtained grand jury material pursuant to a Rule 6(e) order. In Graham v. Commissioner of Internal Revenue, 770 F.2d 381 (3d Cir.1985), the U.S. Attorney, while conducting an investigation, filed an ex parte motion under Rule 6(e) seeking to disclose to agents IRS matters occurring before the grand jury so that the agents could assist the prosecutor. The district court granted the motion, specifically stating that the agents "shall not be prohibited from utilizing such material in the course of their own official duties, for either criminal or civil purposes...." 770 F.2d at 383. Subsequently, the IRS mailed to Graham and his corporation statutory notices of income tax deficiencies, based on the information obtained from the grand jury by means of the Rule 6(e) orders. Graham and his wife challenged the notices in Tax Court on the basis that the 6(e) disclosure was unlawful.
 
 
 10
 After Baggot was decided, and with their case still pending, the taxpayers argued that it should be applied retroactively to invalidate the Rule 6(e) orders. This Court, however, held that even if Baggot were applied retroactively, the rationale of Leon mandated that suppression was not a proper remedy.
 
 
 11
 We noted in Graham that the IRS agents who used grand jury information acted in good faith reliance on facially valid Rule 6(e) orders issued by a United States district court. "Under such circumstances, curative action with respect to the evidence obtained from the grand jury, such as suppressing its use as a basis for the notices of deficiencies, is necessary neither to preserve the judicial process ... nor to deter future misconduct by IRS agents." 770 F.2d at 386 (footnote and citation omitted). See also Gluck v. United States, 771 F.2d 750 (3d Cir.1985) (suppression not warranted where IRS summons was issued as a result of Rule 6(e) order disclosing grand jury material, because "conduct of the agents in no way reflects negatively on the good faith of the investigation ...")
 
 
 12
 The Caprios attempt to distinguish Graham. They note that while in Graham the taxpayers from the start did not contest the correctness of the deficiencies assessed by the IRS, here they have consistently challenged the amounts sought by the government. They do not, however, articulate what significance this factual difference holds, especially since the Caprios and the government ultimately reached agreement on the amount owed. The taxpayers also point out that whereas they ask only that the evidence obtained through the rule 6(e) order be suppressed, the taxpayers in Graham asked the court to invalidate the notices of deficiency mailed by the I.R.S. This distinction is also without significance. The Caprios do not dispute that the agents here acted in good faith reliance on a facially valid order by a district court. In both this case and Graham, the grand jury material was essential to the finding of back tax liability; it was obtained in good faith pursuant to the same procedure, and whether it is suppressed should be governed by the same legal standards.
 
 
 13
 Because the government acted in good faith reliance on the district court's 1977 order, suppression of the evidence is not warranted. The judgment of the Tax Court will be affirmed.
 
 
 
 [1]
 Rule 6(e) was amended on October 1, 1977. The amendment retained the identical language in 6(e)(3)(C)(i)